IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRANDON JOHNSON,

    Petitioner,

v.                                            Civil Action No. 1:08cv164
                                            (Judge Keeley)

TERESA WAID, Warden,

    Respondent.

## OPINION/REPORT AND RECOMMENDATION

On August 1, 2008, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On September 4, 2008, the undersigned conducted a preliminary review of the file and found that the petition appeared to be untimely. Thus, the respondent was directed to file a response on the limited issue of timeliness.

On October 3, 2008, the respondent filed an Answer and Motion to Dismiss Petition as Untimely. Because the petitioner is proceeding *pro se*, on October 16, 2008, the Court issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), in which the petitioner was advised of his right to file material responsive to the defendant's dispositive motion. The petitioner's reply was due November 6, 2008. As of the date of this opinion, the petitioner has not filed a reply.

### I. Procedural History

**A.   Petitioners' Conviction and Sentence**

According to the pleadings, on April 4, 2002, the petitioner was convicted by a jury sitting in Ohio County, West Virginia, of Robbery in the First Degree. Resp't Ex. 1. On May 7, 2002, the

petitioner was sentenced to a determinate sentence of 48 years in the penitentiary. Resp't Ex. 2.

**B.   Petitioner's Direct Appeal**

By published opinion, the petitioner's conviction and sentence were affirmed by the West Virginia Supreme Court of Appeals. See State v. Johnson, 584 S.E.2d 468 (W.Va. 2003). Mandate issued on June 5, 2003. Resp't Ex. 3.

**C.   Petitioners' First State Habeas Petition**

The petitioner filed a state habeas petition in the Circuit Court of Ohio County on August 3, 2004. Resp't Ex. 4. The petitioner's first state habeas petition was denied on August 4, 2004. *Id.* The petitioner did not appeal that decision.

**D.   Petitioners' Second State Habeas Petition**

The petitioner filed a second state habeas petition in the Circuit Court of Ohio County on July 13, 2005. Resp't Ex. 5. The petitioner's second state habeas petition was denied on July 14, 2005. *Id.* Although the petitioner filed a notice of intent to appeal, no appeal was actually filed.

**II.   Timeliness of the Petitioner's Federal Habeas Petition**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[1] Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Thus, absent any state court post conviction proceeding that would have tolled the federal limitation period,[2] the petitioner had one year from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

In this case, the petition is clearly untimely. The petitioner's direct appeal was affirmed on June 5, 2003. The petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Where no petition for a writ of certiorari is filed in the United States Supreme Court, then the one-year limitation period begins running when the time for doing so -- 90 days -- has elapsed. Therefore, the petitioner's conviction and sentence became final on September 4, 2003, and he had until September 4, 2004,[3] to timely file a federal habeas petition.

Nonetheless, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). On August 3, 2004, the petitioner's one-year limitation period was tolled by the filing of his state habeas petition with the Circuit Court of Ohio

---

[2] 28 U.S.C. § 2244(d)(2).

[3] The year 2004 was a leap year.

County. At that time, 332 days of the one-year limitation had already expired.

The petitioner's state habeas petition was denied on August 4, 2004. Therefore, his one-year statute of limitations was tolled for two days. The one-year limitation began running again on August 5, 2004, and expired 33 days later, on September 7, 2004.[4] The petitioner's second state habeas petition filed on July 13, 2005, could not toll the one-year limitations period as there was nothing left to toll at that time. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled").

### III. Recommendation

For the foregoing reasons, it is recommended that the respondent's Motion to Dismiss Petition as Untimely Filed (dckt. 20) be **GRANTED** and the petitioner's § 2254 petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

---

[4] The respondent notes that the petitioner filed a Rule 35(b) motion for reconsideration of his sentence in the circuit court on August 19, 2003. Dckt. 21 at 6, Resp't Ex. 1, line 87. However, the respondent also correctly points out that a motion for reduction of sentence is not an "application for State post-conviction or other collateral review" for purposes of the one year limitation under AEDPA. *Id.* at 6 (citing Walkowiak v. Haines, 272 F.3d 234 (4th Cir. 2001)). Therefore, the petitioner's Rule 35(b) motion could not toll the one-year time limitation.

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

  The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

  DATED: April 8, 2009.

             *John S. Kaull*
             JOHN S. KAULL
             UNITED STATES MAGISTRATE JUDGE